# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**JESSICA GIBSON**, *et al.*,

  Plaintiffs,

v.

**ECOQUEST, INC., ECOQUEST ADVENTURES AND TOURS**, *et al.*,

  Defendants.

Civil No. 16-2702 (BJM)

## OPINION AND ORDER

Jessica Gibson, individually and as personal representative of the estate of Marsha Boekeloo (deceased), Brandon Boekeloo, and Terry Boekeloo (collectively "plaintiffs") brought this suit against Ecoquest, Inc., EcoQuest Adventures and Tours ("Ecoquest"), Hacienda Campo Rico, Inc. ("Campo Rico"), Primfe Insurance Company, Carnival Corporation ("Carnival"), and the Insurance Company of the State of Pennsylvania (collectively "defendants"). Docket No. 1 ("Compl."). Plaintiffs allege negligent operation of a zipline system by Ecoquest, negligent instruction of safety checks to the deceased by Ecoquest and Campo Rico, strict liability in operating the inherently dangerous zipline activity, and negligent misrepresentation and hiring by Carnival. Plaintiffs seek damages for survivorship and wrongful death claims. *Id*. Carnival moved to dismiss, or transfer the case, pursuant to a forum-selection clause. Docket Nos. 20, 30. Plaintiffs opposed, arguing that the contract containing the forum-selection clause may not be considered at this stage, and that the clause is unenforceable. Docket No. 25. This case is before me on consent of the parties. Docket Nos. 48, 50.

For the reasons set forth below, Carnival's motion to transfer is **GRANTED**.

## APPLICABLE STANDARD

In *Atlantic Marine Co., Inc.* v. *U.S. District Court*, 134 S. Ct. 568, 580 (2013), "the Supreme Court held that when parties have agreed to a valid forum-selection clause, that

clause should be given controlling weight in all but the most exceptional cases, and a district court should ordinarily transfer the case to the forum specified in that clause." *Caribbean Rests., LLC* v. *Burger King Corp.*, 23 F. Supp. 3d 70, 75 (D.P.R. 2014). 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The Supreme Court has held that § "1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." *Atlantic Marine*, 134 S. Ct. at 580.

In the First Circuit, a motion to dismiss based on a forum-selection clause is treated "as a motion alleging the failure to state a claim for which relief can be granted under Rule 12(b)(6)." *Claudio-De Leon* v. *Sistema Universitario Ana G. Mendez*, 775 F.3d 41, 46 (1st Cir. 2014) (quoting *Rivera* v. *Centro Médico de Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir. 2009)). Carnival filed such a motion here, but alternatively requested a transfer under § 1404(a). Although the Supreme Court "explicitly declined to express a view as to whether a Rule 12(b)(6) motion is a proper alternative" to enforce a forum-selection clause, its holding in *Atlantic Marine* is "emphatic that a motion to transfer under Section 1404(a) was the appropriate mechanism" when the chosen forum is within the federal system. *Caribbean Rests*, 23 F. Supp. 3d at 75. Accordingly, "the court will now treat . . . [Carnival]'s motion as a motion to transfer under Section 1404(a) and analyze its request under the standard set forth in *Atlantic Marine*." *Id.*; *see also Diaz Morales* v. *Royal Caribbean Cruises, Ltd*., 419 F. Supp. 2d 97, 101 (D.P.R. 2006) (defendant's motion to dismiss denied and case transferred to a district court in Florida, the appropriate venue).

**BACKGROUND**

The following facts are drawn from the allegations in the complaint, Carnival's motion to dismiss or transfer, and plaintiffs' opposition to Carnival's motion to dismiss, as

well as the ticket contract referenced in Carnival's motion. Docket Nos. 1, 20, 25, 30. In January 2015, plaintiffs and the deceased paid for a vacation cruise on the vessel Carnival Breeze, a cruise ship owned, operated, and maintained by Carnival. Compl. ¶¶ 14–15. Later in 2015, plaintiffs and the deceased reviewed shore excursions offered on Carnival's website, and paid for a shore excursion named "Hidden Paradise Zipline Adventure," which was advertised as a Carnival Shore Ex-Staff "Top Pick." *Id*. ¶ 18.

In October 2015, plaintiffs and the deceased boarded the Carnival Breeze as fare-paying passengers. *Id*. ¶ 20. When plaintiffs and the deceased went onboard, Carnival provided them with tickets for the excursions purchased through Carnival, but did not provide any brochures or other information about the excursion operator or its safety record with zipline tours. *Id*. ¶ 21. Plaintiffs further allege that Ecoquest and Campo Rico had been the subject of several claims of zipline accidents and injuries, and Carnival knew or should have known of such claims. *Id*.

The Ticket Contract entered into between Carnival and plaintiffs (including the deceased) contained a forum-selection clause, providing that the United States District Court for the Southern District of Florida shall be the exclusive forum to litigate claims against Carnival. Docket No. 20 at 3. Paragraph 13(c) of the Ticket Contract provides:

> Except as provided in Clause 13 (d) below, it is agreed by and between the Guest and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, including travel to and from the vessel, shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami, or as to those lawsuits that lack subject matter jurisdiction, before a court located in Miami-Dade County, Florida, U.S.A., to the exclusion of any other county, state, or country.

Docket No. 20-1 at 11. Ecoquest alleges that "plaintiffs executed a release and waiver which exonerates Ecoquest for the claims and/or damages asserted in the Complaint."

Docket No. 23 at 10. According to plaintiffs, this release contains the following provision in Paragraph 6:

> In the event I file a lawsuit against [Ecoquest Adventures and Tours], I agree to do so solely in the Island of Puerto Rico, and I further agree that the substantive law of Puerto Rico shall apply in that action without regard to the conflict of law rules of that Island. I agree that if any portion of this agreement is found to be void or unenforceable, the remaining portions shall remain in full force and effect.

Docket No. 25 at 6.

After plaintiffs and the deceased were transported to Hacienda Campo Rico for the zipline adventure, the agents and employees of Ecoquest, Campo Rico, or both, gave plaintiffs and the deceased instructions for using the harnesses and equipment for the zipline adventure. *Id*. ¶¶ 22–23. Plaintiffs allege that the agents and employees of Ecoquest and/or Campo Rico negligently operated the zipline system, negligently connected the zipline harnesses for the deceased, and negligently supervised riders in using their zipline system. *Id*. ¶ 24. As a result, at just a few feet from the starting point of the zipline, the deceased's harness disconnected from the harness of the zipline, and she fell approximately 25-40 feet, causing her death. *Id*. ¶ 25.

## DISCUSSION

Carnival contends that the suit must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure per the broad, presumptively enforceable forum-selection clause, or transferred pursuant to 28 U.S.C. § 1404(a). Carnival argues that although the contract is outside the facts and evidence referenced in the complaint, the court may consider the contract because it is central to plaintiffs' tort claims. Docket No. 30 at 1–2. Carnival further contends that plaintiffs and the deceased accepted the terms and condition of the ticket contract, and the forum-selection clause is not a product of fraud or coercion. Docket No. 20 at 3, 7. Carnival adds that plaintiffs have not met their "burden of showing

that public-interest factors overwhelmingly disfavor a transfer," and that the interest of justice favors enforcing the parties' contractual choice of forum. Docket No. 20 at 9–10. On separate grounds, Carnival contends that plaintiffs' claim for negligent misrepresentation and negligent hiring should be dismissed because plaintiffs failed to plead the requisite elements with sufficient particularity, and improperly seek to impose heightened duties of care upon Carnival. Docket No. 20 at 11–14.

I.     **Forum-selection clause**

Federal courts have long enforced forum-selection clauses because such clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Rivera*, 575 F.3d at 18 (quoting *M/S Bremen* v. *Zapata Off–Shore Co.*, 407 U.S. 1, 10 (1972)). Under the *Bremen* analysis, "the burden of proof is on the party opposing the enforcement of the forum selection clause." *Carter's of New Bedford, Inc.* v. *Nike, Inc.*, 790 F.3d 289, 292 (1st Cir. 2015) (citing *Bremen*, 407 U.S. at 17 ("the party arguing that a forum-selection clause is inapplicable bear[s] a heavy burden of proof") (internal quotation marks omitted)). Courts enforce a forum selection clause "absent a strong showing that it should be set aside." *Bremen*, 407 U.S. at 15. A strong showing can exist where (1) the clause is the product of fraud or overreaching; (2) enforcement is unreasonable and unjust; (3) the enforcement of the clause would render the proceedings gravely difficult and inconvenient to the point of practical impossibility; or (4) enforcement contravenes a strong public policy of the forum in which suit is brought, whether declared by statute or judicial decision. *Huffington* v. *T.C. Grp., Inc.*, 637 F.3d 18, 23 (1st Cir. 2011).

Plaintiffs initially argue that Carnival's motion is procedurally improper because Carnival did not file a summary judgment motion, and that the ticket contract has not been properly authenticated. Docket No. 25. But "a motion for summary judgment is not the proper procedural vehicle to rely upon when determining whether venue is proper pursuant to a forum selection clause." *Smith* v. *Lucent Techs., Inc.*, No. 02 - 0481, 2004 U.S. Dist.

LEXIS 4074, at *2 n.1 (E.D. La. Mar. 15, 2004) (citing *Hanson Eng'rs Inc.* v. *UNESCO*, 64 F. Supp. 2d 797, 799 (C.D. Ill. 1999)).

Moreover, the First Circuit has recognized an exception to the general rule that review at this stage is limited to the allegations in the complaint: "the district court, may consider 'documents the authenticity of which are not disputed by the parties,' 'documents central to plaintiffs' claim,' and 'documents sufficiently referred to in the complaint.'" *Claudio-De Leon*, 775 F.3d at 46 (quoting *Rivera*, 575 F.3d at 15). Since Carnival has attached the affidavit of Maria Romero to authenticate the ticket contract, and since plaintiffs have not proffered any evidence to dispute this issue, Carnival has met the authenticity requirement. Docket No. 30, Exhibit A. *See Laasko* v. *Xerox Corp.*, 566 F. Supp. 2d 1018, 1021 (C.D. Cal. 2008) ("To properly authenticate documents used to support a motion, a party must attach the documents as exhibits to an affidavit made by a person through whom the exhibits could be admitted into evidence at trial.") (citing *Orr* v. *Bank of America, NT & SA*, 285 F.3d 764, 773-74 (9th Cir. 2002)). Also, the ticket contract is a document central to determining Carnival's liability for the tort claims raised in the complaint. *See Claudio-De Leon*, 775 F.3d at 46.

Moving on, in determining the enforceability of a forum-selection clause, the First Circuit has established a "reasonable communicativeness" standard, in which the court makes two threshold inquiries. *See Hoekstra* v. *Caribbean Cruises, Ltd.*, 360 F. Supp. 2d 362, 366 (D.P.R. 2005). First, a court must examine the facial clarity of the ticket contract and determine whether its language and appearance make the relevant provisions sufficiently obvious and understandable. *Id.* "The second prong focuses on the 'circumstances of the passenger possession and familiarity with the ticket,' which involves scrutiny of any extrinsic factors indicating the passenger's ability to become meaningfully informed of the contractual terms at stake." *Id.* (citing *Shankles* v. *Costa Armatori*, 722 F.2d 861, 864–866 (1st Cir. 1983); *Lousararian* v. *Royal Caribbean Corp.*, 951 F.2d 7, 8–9 (1st Cir. 1991)).

With respect to the first threshold question, the language used in the forum-selection clause is not overly technical and is relatively straightforward—providing that "all disputes whatsoever arising under, in connection with or incident to this contract or the Guest's cruise . . . shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami, . . . to the exclusion of any other county, state, or country." Docket No. 20 at 4. Terms such as "shall" and "exclusion" make this forum-selection clause mandatory. *See Rivera*, 575 F.3d at 17 n.5 ("typical mandatory terms" include "shall," "exclusive," "only," or "must"); *Silva* v. *Encyclopedia Britannica Inc.*, 239 F.3d 385, 388 n.6 (1st Cir. 2001) ("exclusive jurisdiction" in the context of a forum-selection clause "refers to the intent of the parties [to have the court decline jurisdiction] rather than the actual power of the court").

Moreover, the First Circuit has generally held that the forum-selection clause invites a broad application when its language does not explicitly limit the clause to contract-based claims, and essentially covers any claim or dispute. *See Huffington* 637 F.3d at 20–23 ("[f]orum selection clauses using embracing language are common and have usually been construed broadly"). Here, the phrases "arising under, in connection with or incident to," are sufficiently broad to encompass the negligence claims raised by plaintiffs, which bear some relation to the cruise trip. And because the "applicability of a forum selection clause does not depend on the nature of the underlying action," plaintiffs' non-contract-based, tort claims are within the scope of the forum-selection clause. *Rivera*, 575 F.3d at 19. Finally, the forum-selection clause appears in text appearing as large as the text in other portions of the ticket contract, and the clause appears not too far from a bolded heading alerting the parties to the contract about the agreed-upon venue for disputes. *See Hoekstra*, 360 F. Supp. 2d at 366. Thus, the ticket contract meets the first prong of the "reasonable communicativeness" test. *See id.*

Similarly, the second threshold prong of the "reasonable communicativeness" test focuses on the passengers' possession and familiarity with the ticket. When the terms and

conditions of a ticket contract have been reasonably communicated to the passenger, "courts have uniformly held that the passenger is bound by the limitations clause even though the passenger may not have read the contract." *Coleman* v. *Norwegian Cruise Lines*, 753 F. Supp. 1490, 1495 (W.D. Mo. 1991) (citing *Barbachym* v. *Costa Line, Inc.*, 713 F.2d 216, 220 (6th Cir. 1983)). Here, Carnival has submitted an affidavit attesting that plaintiffs and the deceased accepted and acknowledged the terms and conditions of the ticket contract. Docket No. 30, Exhibit A. Since plaintiffs do not make any allegation that the clause was the result of fraud or overreaching, and nothing in the record suggests that the clause is part of an unconscionable contract of adhesion, or that it is "so coercive and one-sided as to have prevented the plaintiff from agreeing to its terms voluntarily," I find the clause valid. *PK's Landscaping* v. *New Eng. Tel. & Tel. Co.*, 128 N.H. 753, 756 (1986).

Plaintiffs' argument that they were not sophisticated parties to negotiate the terms and conditions of the contract also fails because the *Bremen* Court rejected the argument that "nonnegotiated forum-selection clause in a form ticket contract is never enforceable simply because it is not the subject of bargaining." *Carnival Cruise Lines* v. *Shute*, 499 U.S. 585, 593 (1991) (citing *Bremen*, 407 U.S. at 12–13). Rather, plaintiffs are "required to abide by the terms of a contractual obligation [they] freely and voluntarily undertook and assume the foreseeable consequences of [their] decision." *Antilles Cement Corp.* v. *Aalborg Portland A/S*, 526 F. Supp. 2d 205, 210 (D.P.R. 2007).

To preclude enforcement of a valid forum-selection clause, "it should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Bremen*, 407 U.S. at 18. Plaintiffs attempt to meet this burden by asserting that the event that caused the death of Martha Boekeloo took place in Puerto Rico, and the necessary fact witnesses reside in Puerto Rico. Docket No. 25 at 5–6. "Although there is some inherent inconvenience in *any* party having to litigate its claims in a foreign forum, Florida is not a remote forum with regard to Puerto Rico since it is easily accessible

by a relatively short flight from the island." *Diaz Morales*, 419 F. Supp. 2d at 101; *see also De La Mota Estrella* v. *Royal Caribbean Cruise Lines, Inc.*, No. 05-1475(PG), 2006 U.S. Dist. LEXIS 64922, at *12–13 (D.P.R. 2006) (Miami is an accessible forum for parties from Puerto Rico, and the forum-selection clause does not impose a heavy burden upon plaintiffs). Indeed, because plaintiffs are residents of New Mexico, Compl. ¶ 1, it cannot be said that "the balance of convenience was 'strongly' in favor of litigation in" Puerto Rico. *Bremen*, 407 U.S. at 18.

And even if transfer would bring any additional burden or inconvenience to some parties or witnesses, those inconveniences were "foreseeable at the time of contracting." *De La Mota Estrella*, 2006 U.S. Dist. LEXIS 64922, at *12–13. "As to the availability of non-party witnesses who may not be within the reach of the Florida district court's subpoena power, the federal rules provide a mechanism that allows the litigation to continue its course in accordance with the parties' intent as expressed in the contract." *Gonzalez* v. *Avatar Realty, Inc.*, 177 F. Supp. 2d 101, 105 (D.P.R. 2001) (citing *Bremen*, 407 U.S. at 17-18). Despite potential inconveniences, the court must still "weigh all of the factors identified in § 1404(a), giving careful consideration to a forum selection clause where one is present." *Home Prods. Int'l* v. *PeopleSoft USA, Inc.*, 201 F.R.D. 42, 49-50 (D. Mass. 2001) (inconvenience "should be weighed against clear terms of a forum selection clause"). "In light of the contract's forum selection clause and absent overwhelming proof of inconvenience," the enforcement of the forum-selection clause would not gravely or unduly inconvenience plaintiffs, so as to deprive them of their day in court. *Gonzalez*, 177 F. Supp. 2d at 105–06.

Plaintiffs next suggest that a transfer would offend public policy. Docket No. 25 at 7. The court must consider whether strong public policy is contravened by the enforcement of the forum-selection clause, "whether declared by statute or by judicial decision." *Claudio-de León*, 775 F.3d at 49 (citing *Bremen*, 407 U.S. at 15, 18). Here, however, "extremely strong public policy concerns urge the enforcement of such clauses." *Banco*

*Popular* v. *Airborne Grp. PLC*, 882 F. Supp. 1212, 1215 (D.P.R. 1995). "As a corollary to the liberty of contract contemplated in the Puerto Rico Civil Code, the parties can agree in advance to a specified forum capable of resolving their disputes." *Id.* (quoting *Grissom* v. *Colotti*, 644 F. Supp. 903, 904 (D.P.R. 1986)). Additionally, "a clause establishing *ex ante* the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions." *See Shute*, 499 U.S. at 593–94 (citing *Stewart Org., Inc.* v. *Ricoh Corp.*, 487 U.S. 22, 33 (1988) (concurring opinion)).

Besides the public interest in respecting the legitimate expectations of parties when they have entered into a contract, the Supreme Court has provided a list of relevant public interest factors—including (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the interest in having the trial of a case conducted in a forum that is at home with the governing law; (4) the avoidance of unnecessary problems in conflict of laws or in the application of foreign law; and (5) the unfairness of imposing jury duty on citizens in an unrelated forum. *See Piper Aircraft Co.* v. *Reyno*, 454 U.S. 235, 241 n.6 (1981).

As to the first factor, the "District Court of Puerto Rico has one of the most congested criminal and civil dockets in the nation." *Miranda-Lopez v. Figueroa-Sancha*, 943 F. Supp. 2d 276, 279 (D.P.R. 2013); s*ee also Marquez* v. *Drugs Unlimited, Inc.*, 737 F. Supp. 2d 66, 68 (D.P.R. 2010) ("In this extremely congested district, both on the civil and criminal dockets, it is . . . extremely important for the court to effectively manage its caseload."). As to the second factor, since Carnival is a foreign corporation headquartered in Florida, letting the Southern District of Florida exercise its jurisdiction is not offensive to any public policy of Puerto Rico. Compl. ¶ 3. As to the third factor, while it is true that plaintiffs' claims against Ecoquest and Hacienda Campo Rico Inc. are more likely to be

governed by Puerto Rico law, the parties agree that plaintiffs' claims against Carnival are to be governed by federal maritime law. Docket No. 20 at 4; Docket No. 25 at 6. Regarding the disputes between plaintiffs and Carnival, the balance does not overwhelmingly favor Puerto Rico as a forum. By the same token, transferring only the claims against Carnival to the Southern District of Florida would render moot plaintiffs' argument relative to the conflict of laws and their objection to the lack of personal jurisdiction of a Florida court over the Puerto Rico defendants. Thus, as to the claims against Carnival, there is no public policy that overwhelmingly favors the forum of Puerto Rico, and the plaintiffs have failed to overcome the presumptive enforceability of the forum-selection clause.

## II.     Dismissal for failure to state a claim

Carnival contends that the negligence claims are not properly pled with sufficient particularity, and should be dismissed under Federal Rules of Civil Procedure 12(b)(6). Docket No. 20 at 7; Docket No. 30 at 9. Since the forum-selection clause allows for disputes between plaintiffs and Carnival to be litigated and decided only by the District Court for the Southern District of Florida, the issue of whether the complaint states a claim against Carnival should be decided by that forum, and I express no view whatsoever on this issue. *See Hernandez-Rivera* v. *Carnival Corp.*, No. 06-2057, 2008 U.S. Dist. LEXIS 28768, at *13–14 (D.P.R. 2008) (after court found forum-selection clause valid, court set aside "those unresolved issues aside for the appropriate court to decide").

## III.    Transfer of the case, or only the claims against Carnival?

Having determined the enforceability of the forum-selection clause, the court now faces a situation where venue is proper for some defendants but not others. "The Court must take one of three steps: dismiss the case against those defendants [to whom venue is improper], transfer the entire case to a venue that would be proper as to *all* defendants, or sever the defendants for which venue is improper and transfer those cases. *Am. Water Works Co.* v. *Util. Workers Local 423*, No. 11-CV-1462-WJM, 2011 U.S. Dist. LEXIS 108918, at *8 (D.N.J. 2011) (citing *Cottman Transmission Sys.* v. *Martino*, 36 F.3d

291, 292 (3d Cir. 1994)); 15 Charles Alan Wright, et al., Federal Practice and Procedure § 3827 (4th ed. 2015) ("If venue is proper for some defendants but improper for others, the district court has wide discretion.").

The Southern District of Florida is an improper venue for Ecoquest and Hacienda Campo Rico Inc. because "[n]one of the three subsections of section 1391(a) are pertinent here." *Stars for Art Prod. FZ, LLC* v. *Dandana, LLC*, 806 F. Supp. 2d 437, 448 (D. Mass. 2011). Under this statute,

> [a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may be otherwise brought.

28 U.S.C. § 1391(a). Subsection (a)(1) does not establish proper venue because neither Ecoquest nor Campo Rico is a resident of Florida. Compl. ¶ 6. Subsection (a)(2) does not apply because the events or omissions giving rise to plaintiffs' claims occurred in Puerto Rico, outside the Southern District of Florida. *Id*. Finally, subsection (a)(3) is inapplicable here because the District of Puerto Rico is clearly one of such "districts in which the action may be otherwise brought" for Ecoquest and Campo Rico, i.e., the Southern District of Florida is not the only district where an action can be brought.

Since the Southern District of Florida is not a proper venue for Ecoquest and Campo Rico, "[t]ransferring the entire case is out of the question." *Am. Water Works Co.*, 2011 U.S. Dist. LEXIS 108918, at *8. Therefore, the court "determines that it would be in the interest of justice to sever and transfer the claims against the Out-of-State [defendant]." *Fuller* v. *FCI Manchester Health Serv.*, No. 12-7025 (NLH), 2016 U.S. Dist. LEXIS 40062, at *22 (D.N.J. 2016); *see also In re Rolls Royce Corp.*, 775 F.3d 671, 681 (5th Cir. 2014)

(when case involves multiple defendants, and some but not all parties agreed to a forum selection clause, court may sever the claims against party who entered into forum-selection clause and transfer those claims to the forum selected by the parties to the contract).

Plaintiffs object to the severance of claims, arguing that it would create two federal court proceedings and public interest would be disserved. Docket No. 25 at 6. But the possibility of multiple parallel proceedings was a contingency entirely foreseeable to plaintiffs when they agreed to the forum-selection clause. *See St., Sound Around Elecs., Inc.* v. *M/V Royal Container*, 30 F. Supp. 2d 661, 663 (S.D.N.Y. 1999) (citing *Bremen*, 407 U.S. at 18–19). "Refusing to enforce a forum selection clause on this basis would undermine whatever measure of certainty such clauses bring" to cruise trip transactions, "in which they are commonly employed." *Id.* Finally, retaining jurisdiction over Ecoquest and Campo Rico resolves the choice-of-law problem raised by plaintiffs as a result of the alleged release signed between plaintiffs and Ecoquest, providing that Puerto Rico law would apply. Docket No. 25 at 6. Severing the claims would allow the Southern District of Florida to exercise its appropriate jurisdiction over Carnival, and the District of Puerto Rico to do so over defendants subject to personal jurisdiction in Puerto Rico.

## CONCLUSION

For the foregoing reasons, the claims against Carnival will be **SEVERED** from this action, and the Clerk of the Court shall **TRANSFER** the claims against Carnival to the United States District Court for the Southern District of Florida. This court retains jurisdiction over the claims against all other defendants.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 5th day of July 2017.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge